# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CALVIN MCCRAW, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| vs. | ) NO. CIV-16-352-HE |
| | ) |
| CITY OF OKLAHOMA CITY, et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Plaintiffs filed this action challenging an Oklahoma City ordinance, Ordinance No. 25,283 (the "ordinance"),[1] passed by defendant City of Oklahoma City (the "City"), which prohibits standing, sitting, or staying for most purposes on certain public medians within city limits. Plaintiffs seek a declaration that the ordinance on its face and as applied to them and third parties violates the First and Fourteenth Amendment and seek an injunction to keep the ordinance from being enforced. The parties have filed partial cross motions for summary judgment, which should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P.56(a).

Plaintiffs are various individuals who reside in Oklahoma City, a minority political party in Oklahoma and an independent news outlet based in Oklahoma City. They allege they have engaged in diverse expressive activities on public medians in the metropolitan area ranging "from political advocacy for public office to panhandling for basic necessities,

---

[1] *Oklahoma City, Okla., Mun. Code ch. 32, art. XIII, § 32-458.*

from distributing literature on matters of public concern to canvassing for voter signatures, and from reporting as a member of the press to conversing with friends and neighbors. Doc. #30, p.10.[2] After Code Section 32-458 was revised in 2015, plaintiffs filed this action against the City and William Citty in his official capacity as Chief of the Oklahoma City Police Department. Plaintiffs assert that Code Section 32-458 was revised to ban constitutionally protected speech, specifically, panhandling. Contending that the ordinance does not address speech, but merely "prohibits the use of certain parts of traffic medians due to significant traffic hazards posed to persons afoot and to distracted motorists," Doc. #31, p. 28, defendants claim the City Council acted to address a public safety issue.

In accordance with discussions at the status conference, plaintiffs moved for partial summary judgment prior to discovery, alleging that the ordinance is not only facially unconstitutional, but also impermissibly overbroad and vague.[3] Defendants responded by filing a cross motion for summary judgment. Both plaintiffs and defendants have submitted evidence in support of their respective positions, but defendants object to the court's consideration of the bulk of plaintiffs' evidence, consisting of the affidavits of plaintiffs and other witnesses, on the ground that they have not had the opportunity to depose plaintiffs or their witnesses. Defense counsel filed the required Fed.R.Civ.P. 56(d) affidavit, stating that he "believe[s] such affidavits are contrary to any alleged facial

---

[2] *Page references to briefs and exhibits are to the CM/ECF document and page number.*

[3] *Though plaintiffs did not title their motion a partial motion for summary judgment, they did not seek summary judgment on their "as applied" claim.*

2

challenge" and that he did not "depose[] Plaintiffs or their witnesses based upon Plaintiffs' counsel's representation to me and this Court." Doc. 31-1. Plaintiffs did not address the issue of defendants' inability to respond adequately to their motion in their reply brief.

Evidence is routinely considered in cases involving facial challenges to statutes on First Amendment grounds, whether the standard of review is intermediate or strict scrutiny. *See* McCullen v. Coakley, 134 S.Ct. 2518, 2535-41 (2015); Doe v. City of Albuquerque, 667 F.3d 1111, 1115 (10th Cir. 2012) ("Complicating our inquiry is the fact that the City, relying on a mistaken interpretation of case law regarding facial challenges, erroneously contended that it had no burden to do anything in response to Doe's summary judgment motion."). In fact, evidence can play a significant role in the resolution of issues such as whether the ordinance was "narrowly tailored to serve a significant governmental interest," McCullen, 134 S.Ct. at 2534 (2015) (quoting Ward v. Rock Against Racism, 491 U.S. 781, 796 (1989), or "leaves open ample alternative channels of communication. *Id*. at 2540 n.9; *see* Doe, 667 F.3d at 1133-36. Therefore, the court concludes both plaintiffs' and defendants' motions should be denied at this time, without prejudice to the resubmission of the various arguments later, to allow defendants to conduct discovery regarding, among other things, plaintiffs' submissions.[4]

---

[4] *Defendants state in their brief that they "invoke the 'claw back'" provision of Fed.R.Civ.P. 26(b)(5)(B) with respect to certain emails, which they assert were mistakenly released pursuant to an Open Records Request submitted by Scott Carter of the American Civil Liberties Union ("ACLU"). Doc. #31, p. 12. Defendants state that the City advised Mr. Carter twice by email that it "believed that the attorney client privilege applied" under the Act. Id. They ask the court to strike the paragraph in the plaintiffs' brief that refers to the emails and order the ACLU to return them. Defendants' request is denied. As plaintiffs point out, Rule 26(b)(5)(B) is*

As to any further summary judgment motions, the parties are directed to comply with the local rules of court. LCvR56.1(b) requires that the purportedly undisputed facts upon which the movant relies be set forth in "concise, numbered paragraphs."[5] Plaintiffs' brief here did not do so; it more or less included four numbered fact clusters, with each including multiple paragraphs of information.[6] It also cited additional facts in the body of the brief on what may be key points. *See e.g.*, Doc. #30, pp. 30-31. Such practices complicate the court's task in resolving a summary judgment motion, if they do not preclude it altogether. LCvR7.1(c) requires that a cross-motion not be included in a response, but must be separately docketed.[7] Defendants' cross-motion was in their response.

While the court will permit the parties to reassert their positions as to a facial challenge to the ordinance via summary judgment motions, that does not mean that multiple, sequential motions (i.e. one now to a further facial challenge and a second later to an "as applied" challenge) will be permitted. Since discovery is now being permitted as

---

*inapplicable as it applies to information produced in discovery. The emails defendants seek were produced before this action was filed, in response to a request under the state Open Records Act.*

[5] *Plaintiffs also should provide authority which allows the court to consider the YouTube videos and other internet evidence which they cite and rely on to support their claims, but which have not physically been made part of the record. See e.g., Doc. #30, p. 30 n.53.*

[6] *Each numbered fact must be "concise," which means "short and to the point." Webster's II New College Dictionary 223 (1995).*

[7] *The brief supporting the cross-motion may be combined with the response brief, but the cross-motion itself must be filed separately to facilitate tracking.*

indicated above, there is no apparent reason why discovery should not also embrace matters related to both theories.

Accordingly, plaintiffs' and defendants' motions for partial summary judgment [Doc. Nos. 30, 31] are **denied**. The parties are directed to confer and file, within fourteen days, a proposed joint scheduling order governing further proceedings in the case.

**IT IS SO ORDERED**

Dated this 6th day of February, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE