# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CALVIN McCRAW,**<br>**G. WAYNE MARSHALL**,<br>**MARK FAULK**,<br>**TRISTA WILSON**,<br>**NEAL SCHINDLER,**<br>**OKLAHOMA LIBERTARIAN PARTY**,<br>**RED DIRT REPORT**,<br><br>Plaintiffs,<br><br>-vs-<br><br>**CITY OF OKLAHOMA CITY**, an Oklahoma municipal corporation;<br>**WILLIAM CITTY**, in his official capacity as CHIEF OF THE OKLAHOMA CITY POLICE DEPARTMENT,<br><br>Defendants. | **CASE NO. CIV-16-0352-HE** |

## BRIEF IN SUPPORT OF
## <u>PLAINTIFFS RECOVERY OF COSTS</u>

Pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and LCvR 54.1, Plaintiffs submit a proposed Bill of Costs and seek a decision by the Clerk and this Court taxing the reasonable costs of the Plaintiffs against Defendants.

These costs total $10,621.87 and were necessarily incurred in the prosecution of this action and are specifically itemized in Exhibit 1 and further summarized in the verified Bill of Costs filed herein.

Plaintiffs submits this Brief in support of the Bill of Costs as prevailing party in

this action.

# I.  The Judgment

On August 31, 2020, the United States Court of Appeals entered its Opinion in favor of Plaintiffs and against Defendants on Plaintiffs' claim for violation of the First Amendment. *McCraw v. City of Okla. City*, 973 F.3d 1057 (10th Cir. 2020). (Doc. 190). Consistent with the mandate, this Court entered Judgment in favor of Plaintiffs on its First Amendment claims and declared Ordinance 25,777 unconstitutional and ordered that "it shall not be enforced." (Doc. 197. Judgment).[1]  On October 7, 2020, the Court of Appeals subsequently entered an order to supplement the mandate which stated "costs are appropriately taxed against appellees. See Fed. R. App. P. 39(a)(3)." Order, Tenth Circuit, October 7, 2020 (Doc. 199).

# II. Argument and Authority

Plaintiffs are presumptively entitled to costs as prevailing parties to this litigation:

> There is a presumption that Plaintiffs are entitled to costs: Rule 54(d)(1) provides that costs, other than attorney's fees, should generally "be allowed to the prevailing party." We have recognized that the district

---

[1]  In the Judgment (Doc. 197),  the Court deferred the filing of "any motions for attorney's fees and costs after a determination has been made as to any petition for certiorari filed with the United States Supreme Court."

After denial of certiorari, this Court entered an Order dated April 8, 2021, which required that any "bill of costs and motion for attorney fees shall be filed by April 26, 2021." (Doc. 210).

court's discretion in taxing costs is limited in two ways. *See Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 458-59 (10th Cir. 1995) (en banc). First, "Rule 54 creates a presumption that the district court will award costs to the prevailing party." *Id*. at 459. Second, the district court "must provide a valid reason" for denying such costs. *Id*.; see also *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995) (stating that denying costs to a prevailing party is a "severe penalty" and explaining that "there must be some apparent reason to penalize the prevailing party if costs are to be denied").

*In re Williams Sec. Litig -- WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009).

### A.  PLAINTIFFS ARE ENTITLED TO RECOVER CERTAIN COSTS ITEMIZED IN 28 U.S.C. §1920 AND TAXABLE UNDER THE FEDERAL RULES OF CIVIL AND APPELLATE PROCEDURE.

Fed.R.Civ. P 54(d) provides that "'costs other than attorneys' fees shall be allowed as a matter of course to a prevailing party unless the court otherwise directs." Section 1920 of Title 28 enumerates expenses that a federal court may award as costs under its Rule 54(d)(1) discretionary authority.

28 U.S.C. §1920 provides, in pertinent part, that:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
- - - - -
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
- - - - -
A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

3

Costs taxed on appeal are includable in the mandate from the Court of Appeals. Fed.R.App.P. 39(a)(2) and 39(d)(3). They are then taxed in the district court.

### B.   PLAINTIFFS ARE ENTITLED TO RECOVER FEES PAID TO THE CLERK.

Under Federal Rule of Civil Procedure 54(d)(1), Federal Rule of Appellate Procedure 39(e)(4), and 28 U.S.C. § 1920(1), Plaintiffs are entitled to recover the cost of fees levied by the clerks of the district court and the court of appeals.

As reflected in Exhibit 1 to Plaintiffs' verified Bill of Costs, these fees consist of a filing fee of $400.00 in this Court and docket fee of $505.00 in the Court of Appeals for a total of $905.00. Exhibit 1 references the receipt for these costs as noted in the Docket.

### C.   PLAINTIFFS ARE ENTITLED TO RECOVER FEES FOR PRINTED OR ELECTRONICALLY RECORDED TRANSCRIPTS NECESSARILY OBTAINED FOR USE IN THE CASE.

Plaintiffs are entitled to recover fees for printed or electronically recorded transcripts necessarily obtained for use in the case. 28 U.S.C. §1920(2).

The determination of "necessarily obtained for use in the case" is based upon conditions at the time of the printed or electronically recorded transcripts:

> . . . [the court does] not "employ the benefit of hindsight" in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case. [The court] base[s] this determination, instead, solely on the particular facts and circumstances at the time the expense was incurred.

4

*MCC Management of Naples, Inc. v. International Bancshares Corporation*, 2010 WL 3522375 (WD Okla. 2010), citing *In re Williams Sec. Litig.*, 558 F.3d at, 1147-48.

**TRIAL TRANSCRIPT USED FOR APPEAL**

Plaintiffs are entitled to costs in the amount of $1,565.85 for transcription of the trial used in the appeal. *Knight v. Snap-On Tools Corp.*, 3 F.3d 1398, 1404 (10th Cir. 1993)("'Costs' typically are defined by reference to 28 U.S.C. 1920 and include things such as filing fees and court reporter fees").

**TRANSCRIPT DEPOSITIONS NECESSARILY USED IN THE CASE**

Plaintiffs took depositions of two witnesses designated by Defendants as experts, Fowler and Morris.[2] Plaintiffs also took a deposition of Chai, the City's Chief Traffic Engineer. Chai was not designated by the City as an expert and produced no report.

The depositions of Fowler and Morris were triggered by the necessity of a careful examination and review of their reports. The testimony of Chai and Morris were submitted into evidence by designation of testimony given in their depositions. (Doc. 146). The deposition of witness Fowler was used by Plaintiffs in preparation for his testimony at trial, and during trial in cross examination. (Doc. 167).

The testimony of all three were used in the Motions for Summary Judgment and other filings. (Docs 098, 102, 104, 110, 111, 112, 113, 116, 151, 155, 157).

---

[2] An additional deposition of Defendant William Citty whom the Defendants first designated as an expert witness was taken by Plaintiffs, but the Court ordered the costs of this deposition be borne by Defendants. (Doc. 057).

Plaintiffs also purchased single copies of each deposition taken by Defendants of the individual Plaintiffs. (Faulk, Wilson, McCraw, Schlindler, Kelly, Marshall).[3]

The testimony of Plaintiffs Schlindler, Wilson, and Marshall were submitted into evidence by stipulation and designation of testimony given in their depositions. (Doc. 146, 162). The deposition of McCraw was submitted into evidence by stipulation and designation of testimony given in his deposition. (Doc. 153, 157, 159, 160, 162). Plaintiff Faulk and Plaintiff's representative Kelly testified at trial. (Doc. 167).

"A district court does not abuse its discretion in taxing transcription costs associated with depositions that were 'actually utilized by the court in considering [the defendant's] motion for summary judgment." *Merrick v. Northern Natural Gas Co*., 911 F.2d 426, 434-35 (10th Cir. 1990)." *Tilton v. Capital Cities/ABC*, 115 F.3d 1471, 1474 (10th Cir. 1997).

**COSTS OF TRANSCRIPTIONS ADMITTED IN TO EVIDENCE**

Finally, Plaintiffs seek to tax as costs the fees of partial transcripts of City Council Meetings actually introduced into evidence. (Exs. 36, 37, 38, 39, 40) (Doc. 165, p. 7, Clerk's notations on Plaintiffs' Trial Exhibits).

**D.  PLAINTIFFS ARE ENTITLED TO RECOVER FEES FOR EXEMPLIFICATION AND COPIES OF PAPERS**

---

[3]  It is apparent that Defendants considered depositions of the individual Plaintiffs were "necessarily obtained for use in the case." Because Defendants intended the use of these depositions, it was necessary for Plaintiffs to also have copies for their "necessary use in the case."

6

**NECESSARILY OBTAINED FOR USE IN THE CASE**.

As noted previously, Plaintiffs are entitled to recover the reasonable costs of copying papers necessarily obtained for use in the case. 28 U.S.C. §1920(4):

> To be recoverable, a prevailing party's transcription and copy costs must be "reasonably necessary to the litigation of the case." Mitchell v. City of Moore, 218 F.3d 1190, 1204 (10th Cir. 2000).

*In re Williams Sec. Litig*, 558 F.3d at 1148.

Federal courts have held that the costs of photocopies of documents necessarily obtained for use in the case may be taxable, even if those documents are not ultimately offered as evidence. *Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Crams, Inc*., 920 F.2d 587, 588 (9th Cir. 1990); *see also*, *Peck, Taxation of Costs in United States District Courts*, 37 F.R.D. 481, 491. The proof of expenditures made in copying exhibits for purposes of this case are stated in Exhibit 1 to Plaintiffs' verified Bill of Costs.

As a general rule, Plaintiffs have limited these photocopies to documents used during the trial, including the preparation of exhibit books (or "the exhibit book") and other exhibits.

## E.   PLAINTIFFS ARE ENTITLED TO RECOVER COSTS INCLUDED IN THE MANDATE OF THE COURT OF APPEALS.

Plaintiffs are entitled to recover costs included in the Mandate on the Court of Appeals. *See* Fed.R.App.P. 39(a)(2) and 39(d)(3). The Tenth Circuit taxed allowable costs in the amount of $1,204.00. (Doc. 199).

**F.    PLAINTIFFS ARE ENTITLED TO RECOVER AS FEE EXPENSES UNDER 42 U.S.C. §1988(b) ANY EXPENSES DISALLOWED AS COSTS.**

To the extent this Court determines that any of the listed expenses are non-taxable as costs, Plaintiffs respectfully request that such non-taxable expenses be awarded as litigation expenses taxed as attorney fees pursuant to 42 U.S.C. § 1988(b). *See Brown v. Gray*, 227 F.3d 1278, 1297-98 (10th Cir. 2000) (Remand to consider expenses denied as costs included as attorney fees under §1988 instructing that "the court on remand should determine specifically whether such expenses are normally billed to a private client in the local area and, if so, evaluate the reasonableness of the amount."); *see also Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990) ("Although Bee listed these expenses as costs rather than attorney's fees, his categorization of the items is not dispositive of their recoverability").

## III.  CONCLUSION

Based on the authorities set forth and the references and documentation attached to the verified Bill of Costs and as demonstrated in the Docket of this case, Plaintiffs request the Court to tax costs against Defendants in the total amount of $10,621.87.

Respectfully submitted,

Signature of Counsel

Joseph Thai, OBA No. 19377
P.O. Box 961
Norman, OK 73070
(405) 204-9579
thai@post.harvard.edu

Micheal Salem, OBA No. 7876
Salem Law Offices
101 East Gray St., Suite C
Norman, OK 73069
(405) 366-1234
msalem@msalemlaw.com

Megan E. Lambert, OBA No. 33216
ACLU of Oklahoma Foundation
P.O. Box 1626
(405) 525-3831
mlambert@acluok.org

Greg P. Beben, OBA No. 22487
Legal Aid Services of Oklahoma, Inc.
2901 North Classen Blvd., Suite 112
Oklahoma City, OK 73106
(405) 488-6825
Gregory.beben@laok.org
(Plaintiffs McCraw and Marshall Only)

Brady R. Henderson, OBA No. 21212
brady@creamcity.law

**Attorneys for Plaintiffs**

## CERTIFICATE OF ELECTRONIC SERVICE

I certify that, on the day of filing, the foregoing document was electronically transmitted through this Court's ECF filing system to all counsel who have entered an appearance in this case and registered to receive ECF notification via electronic mail.

Micheal Salem
Attorney for Plaintiffs

D:\D\WP51\McCraw v. OKC\Costs and Expenses\2021-04-17 - McCraw-Court Costs Brief-03.wpd